**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.:**

**RENA LESTER,**

      **Plaintiff,**

**vs.**

**PINELLAS FEDERAL**
**CREDIT UNION, a Credit**
**Union,**

      **Defendant.**
_____/

## COMPLAINT

Plaintiff, RENA LESTER ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, PINELLAS FEDERAL CREDIT UNION ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000, exclusive of attorneys' fees or costs, declaratory and injunctive relief and damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statute Section 760, *et seq.* ("FCRA"), to redress injury done to Plaintiff because of discriminatory treatment on the basis of Race, Color and National Origin, as well as Retaliation.

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

3. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction), because the claims arise from the same case or controversy as the federal claims over which this Court has original jurisdiction.

4. Plaintiff, at all relevant times, was a resident of Pinellas County, Florida.

5. Defendant operated a business with one or more locations in Pinellas County, Florida where Plaintiff, at all times material hereto, performed work for Defendant.

6. Defendant is a "person" and/or an "employer" pursuant to Title VII and the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.,* since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statutes, Title VII and the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*, and is subject to the employment discrimination provisions of the applicable statutes, Title VII and the FCRA.

8. During the relevant times of this action, Plaintiff was an employee of Defendant, performing the duties of a Senior Collector in Pinellas County, Florida.

9. Venue is proper in the Middle District of Florida because the acts or omissions giving rise to this complaint occurred in whole or in part in Pinellas County, Florida, within the jurisdiction of this Honorable Court.

10. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

11. Plaintiff received a Determination and Notice of Right to Sue letter from the EEOC on June 28, 2022. Plaintiff is now timely bringing suit.

12. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

13. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and has thus become obligated to provide them with a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff was employed by Defendant from on or about October 29, 2007 to on or about February 11, 2021.

15. During the relevant period of Plaintiff's employment, from on or about October of 2018 through the end of Plaintiff's employment with Defendant, Plaintiff performed duties for Defendant as a Senior Collections officer, having duties which included, but were not limited to, communicating with customers/loan recipients, providing information to clients regarding loans and repayment of loans, and managing the collections of outstanding loan debts.

16. Plaintiff is a Black, African American former employee of Defendant and is a member of classes of people protected against discrimination in their employment under Title VII and the FCRA.

17. In fact, at all times material hereto, Plaintiff was one of only two Black, African American employees working for Defendant at the Defendant's Largo Branch and Administrative Office located at 10273 Ulmerton Road, Largo, Florida 33771. Upon Plaintiff's termination, she was the only Black, African American employee at the above-mentioned branch of Defendant's company.

18. On or about October 0f 2018, Plaintiff reported an incident to Defendant's CEO, Sherry Belcher (Caucasian American), involving another lending and collections employee, Kerissa Swanson (Caucasian American) and Plaintiff's supervisor, Ken Cameron (Caucasian American) (who was also Swanson's supervisor), engaging in inappropriate sexual behavior.

19. Following the Plaintiff's report to Belcher regarding the observed inappropriate activities, Plaintiff began to receive less favorable treatment from Belcher, Cameron, and other employees working at Defendant's branch location.

20. After reporting the above incident, Plaintiff started to have changes made to her terms, conditions, and/or privileges of employment that she had previously enjoyed, unlike her other similarly situated, non-Black, non-African American coworkers.

21. Some examples of changes made to Plaintiff's terms, conditions, and/or privileges of employment include, but are not limited to, removing Plaintiff's access to records, removal of Plaintiff's set of keys to Defendant's facility, and less assistance offered by Plaintiff's managers/supervisors, among other examples. The removal of Plaintiff's access to files and the privilege of having keys to Defendant's facility occurred on or about December of 2018.

22. Plaintiff was eventually changed from a salaried employee to an hourly wage employee on or about March 2019, though she still kept her same job title and all the same duties and responsibilities that she had while receiving a salary. No other similarly situated, non-Black, non-African American experienced a similar change to the terms of their compensation at or around this time.

23. The other White, Caucasian, American employees who were similarly situated to the Plaintiff, having many of the same duties and responsibilities, who were of similar tenure and experience, and who shared similar managers and/or supervisors, were permitted to keep the privileges removed from Plaintiff. Some of these similarly situated employees include: Kerissa Swanson, Teresa Brooks, Sheryl Allen, Kimberly Freeland, Toni Justice, and Michelle (LNU).

24. In addition, many of the White, Caucasian, American employees who were similarly situated to the Plaintiff had changes made to their job titles, while they continued to perform the same essential functions of their previous job titles; whereas Plaintiff did not have any changes made to her job title, resulting in her being the only Senior Collections officer at her branch.

25. Throughout 2019 and 2020, Plaintiff would not receive assistance from her managers and supervisors that other similarly situated White, Caucasian, American employees had received. An example of this is an incident where Plaintiff properly denied a request of a customer (Ms. (FNU) Myles) and was in turn was called a racial slur (N-Word), and Plaintiff's complaints and/or requests for assistance made to Ken Cameron and Sherry Belcher were ignored.

26. Another example of Plaintiff's unfair treatment involves an incident where Sheryl Allen was yelling at a customer and Plaintiff interjected to tell her to not act in such a way towards customers, which led to Allen yelling at Plaintiff. Plaintiff told Allen multiple times not to yell at her to no success. Plaintiff told Allen she had enough of being yelled at, hung up on Allen, and reported the incident to Cameron who ended up reprimanding the Plaintiff's behavior, despite it being Sheryl Allen who was the only one at fault.

27. On or about January 11, 2021, Plaintiff's mother was admitted to the hospital due to having a seizure.

28. Plaintiff notified her supervisor, Ken Cameron, the following day about her mother's condition and requested to use her accumulated paid time off and/or sick leave to care for her mother.

29. Plaintiff's mother was discharged from the hospital on or about January 29, 2021, after having been comatose for roughly two weeks, at which point Plaintiff made a request to Cameron to work from home while she continued to look after her mother.

30. Cameron approved Plaintiff's request to work from home, which she was able to do effectively; however, shortly thereafter Sherry Belcher notified Plaintiff that she was rescinding her approved work from home status, overruling Cameron, and requiring Plaintiff to return to work from one of Defendant's other locations.

31. Plaintiff complained to Belcher that it was not right or fair to rescind her approved work from home status and bring her back to work in-person at that time, given that the particular location to which Plaintiff was being sent had experienced numerous COVID-19 outbreaks and Plaintiff's mother was in a compromised health state.

32. Moreover, Plaintiff complained that it was not fair to not allow her to work remotely when several other White, Caucasian, American employees were permitted to work remotely for medically-related reasons, including Kerissa Swanson, Michelle (LNU), and Lauren Sutton. Sherry Belcher was not moved.

33. Plaintiff offered as an alternative to allow her to use some of her remaining paid time off and/or sick leave benefits she had accrued to avoid being brought back into the office at that time. Belcher, again, was unmoved.

34. Other employees were permitted to use their benefits without pushback.

35. Shortly thereafter, on or about February 11, 2021, Plaintiff was terminated by Sherry.

36. The reason given for Plaintiff's termination was "budgetary issues," though this explanation is undermined by Defendant continuing to hire around that time, including hiring White, Caucasian, Americans in lending and collections positions, sometimes at higher rates of pay than the Plaintiff, including but not limited to, Doug (LNU) and Julie (LNU).

37. At all times material hereto, Plaintiff was qualified for her position with Defendant.

38. At all times material hereto, Plaintiff performed the essential functions of her job description with Defendant in an exemplary manner, doing a satisfactory or above satisfactory job.

39. Plaintiff was subject to the above-mentioned disparate treatment because she is a Black, African American female, and because she complained of disparate treatment compared to Defendant's non-Black, non-African American employees.

40. Any reason proffered by Defendant to justify its actions is mere pretext for unlawful employment discrimination and retaliation.

## <u>COUNT I</u>
### *Race Discrimination in Violation of the FCRA*

41. Plaintiff re-adopts each and every factual allegation of this Complaint as stated in paragraphs 1-40 as if set out in full herein.

42. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Florida Statues Section 760.10, which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise

to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's Race.

43. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

44. The Plaintiff is a Black individual and possessed the requisite qualifications and skills to perform her position with Defendant.

45. Plaintiff was qualified for her position with Defendant.

46. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities, treatment and privileges.

47. The Plaintiff was terminated as a result of race and the reasons given by Defendant, if any, for termination are mere pretext for illegal discrimination.

48. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

49. Moreover, as a further result of the Defendant unlawful race-based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

50. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of race in the terms, conditions, and privileges of employment.

51. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race.

52. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

H. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *Color Discrimination in Violation of the FCRA*

53. Plaintiff re-adopts each and every factual allegation of this Complaint as stated in paragraphs 1-40 as if set out in full herein.

54. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Florida Statues Section 760.10, which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise

to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's color.

55. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon color considerations or reasons.

56. The Plaintiff is a Black individual and possessed the requisite qualifications and skills to perform her position with Defendant.

57. Plaintiff was qualified for her position with Defendant.

58. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities, treatment, and privileges.

59. The Plaintiff was terminated as a result of color and the reasons given by Defendant, if any, for termination are mere pretext for illegal discrimination.

60. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

61. Moreover, as a further result of the Defendant unlawful color-based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

62. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of color in the terms, conditions, and privileges of employment.

63. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of color.

64. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color;

D. Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

H. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### National Origin Discrimination in Violation of the FCRA

65. Plaintiff re-adopts each and every factual allegation of this Complaint as stated in

paragraphs 1-40 as if set out in full herein.

66. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Florida Statues Section 760.10, which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's national origin.

67. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

68. Plaintiff is a Black individual of African American national origin and thus is a member of a protected class under the FCRA.

69. Plaintiff was at all times qualified for her employment position.

70. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-African American employees were allowed better work opportunities, treatment, and privileges.

71. The Plaintiff was terminated as a result of her national origin and the reasons given by Defendant, if any, for termination are mere pretext for illegal discrimination.

72. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

73. Moreover, as a further result of the Defendant unlawful national origin-based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

74. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of national origin in the terms, conditions, and privileges of employment.

75. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of national origin.

76. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin;

D. Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

H. Grant such other and further relief as the Court deems just and proper.

<u>**COUNT IV**</u>
*Retaliation in Violation of the FCRA*

77. Plaintiff re-adopts each and every factual allegation of this Complaint as stated in paragraphs 1-40 as if set out in full herein.

78. Defendant is an employer as that term is used under the applicable statute referenced above, the FCRA.

79. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

80. The foregoing unlawful actions by Defendant were purposeful.

81. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

82. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

83. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

84. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates;

D. Reinstate Plaintiff to the same position she held before the discriminatory and/or retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

H. Grant such other and further relief as the Court deems just and proper.

## COUNT V
### *Race Discrimination in Violation of Title VII*

85. Plaintiff re-adopts each and every factual allegation of this Complaint as stated in paragraphs 1-40 as if set out in full herein.

86. At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

87. The applicable statute, Title VII, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon Race considerations or reasons.

88. The Plaintiff is a Black individual and possessed the requisite qualifications and skills to perform his position with Defendant.

89. Plaintiff was qualified for her position with Defendant.

90. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities, treatment, and privileges.

91. The Plaintiff was terminated as a result of race and the reasons given by Defendant, if any, for termination are mere pretext for illegal discrimination.

92. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

93. Moreover, as a further result of the Defendant unlawful race-based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

94. Defendant violated Title VII by discriminating against Plaintiff because of race in the terms, conditions, and privileges of employment.

95. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Title VII, protecting a person from discrimination because of race.

96. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Declare that the acts complained of herein are in violation of Title VII;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D.  Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

H.  Grant such other and further relief as the Court deems just and proper.

## COUNT VI
### *Color Discrimination in Violation of Title VII*

97. Plaintiff re-adopts each and every factual allegation of this Complaint as stated in paragraphs 1-40 as if set out in full herein.

98. At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

99. The Plaintiff is a Black individual and possessed the requisite qualifications and skills to perform his position with Defendant.

100.     Plaintiff was qualified for her position with Defendant.

101.     The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities, treatment, and privileges.

102.     The Plaintiff was terminated as a result of color and the reasons given by Defendant, if any, for termination are mere pretext for illegal discrimination.

103.     As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

104.     Moreover, as a further result of the Defendant unlawful color-based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

105.     Defendant violated Title VII by discriminating against Plaintiff because of color in the terms, conditions, and privileges of employment.

106.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Title VII, protecting a person from discrimination because of color.

107.     The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Declare that the acts complained of herein are in violation of Title VII;

B.    Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.    Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color;

D.    Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position;

E.    Reinstate full fringe benefits and seniority rights to Plaintiff;

F.    Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.    Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

H.    Grant such other and further relief as the Court deems just and proper.

<u>**COUNT VII**</u>
*National Origin Discrimination in Violation of Title VII*

108.    Plaintiff re-adopts each and every factual allegation of this Complaint as stated in paragraphs 1-40 as if set out in full herein.

109.    At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national

origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

110. The applicable statute, Title VII, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

111. Plaintiff is a Black individual of African American national origin and thus is a member of a protected class under Title VII.

112. Plaintiff was at all times qualified for her employment position.

113.    The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-African American employees were allowed better work opportunities, treatment, and privileges.

114.    The Plaintiff was terminated as a result of her national origin and the reasons given by Defendant, if any, for termination are mere pretext for illegal discrimination.

115.    As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

116.    Moreover, as a further result of the Defendant unlawful national origin-based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

117.    Defendant violated Title VII by discriminating against Plaintiff because of national origin in the terms, conditions, and privileges of employment.

118.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Title VII, protecting a person from discrimination because of national origin.

119.     The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Declare that the acts complained of herein are in violation of Title VII;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin;

D.  Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

H.  Grant such other and further relief as the Court deems just and proper.

## COUNT VIII
### *Retaliation in Violation of the Title VII*

120.     Plaintiff re-adopts each and every factual allegation of this Complaint as stated in paragraphs 1-40 as if set out in full herein.

121.     Defendant is an employer as that term is used under the applicable statute referenced above, Title VII.

122.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under Title VII.

123.     The foregoing unlawful actions by Defendant were purposeful.

124.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

125.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

126.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

127.     These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Declare that the acts complained of herein are in violation of Title VII;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates;

D.  Reinstate Plaintiff to the same position she held before the discriminatory and/or retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

H.  Grant such other and further relief as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: September 22, 2022

Respectfully submitted,
*/s/Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Fla. Bar No. 1026565
cseldin@rgpatttorneys.com
*REMER, GEORGES-PIERRE*
*& HOOGERWOERD, PLLC*
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
(305) 416-5000- Telephone
(305) 416-5005- Facsimile